IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLES J. GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:15cv892-MHT |
| | ) | (WO) |
| ALABAMA DEPARTMENT OF | ) | |
| PUBLIC HEALTH, d/b/a | ) | |
| Children's Health | ) | |
| Insurance Program, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), or for relief from judgement under Federal Rule of Civil Procedure 60(b). In the motion, filed a month after entry of summary judgment for defendant, plaintiff contends that he was unable to respond to defendant's motion for summary judgment because, although he received it, it was not properly served on him and that he "was not

afforded time to gather and submit a timely reply or other response." Plaintiff's Motion (doc. no. 51) at 2.

The motion for summary judgment was filed in August 2016 and had appended to it a certificate of service certifying that it had been mailed to plaintiff via U.S. Mail. While plaintiff admits receiving the summary judgment motion, he now--many months later--contends that, because there was no visible postmark on the (stamped and addressed) envelope in which it arrived, the motion actually must have been dropped off at his house; that the certificate of service falsely represented that the motion had been mailed to him; and that the date on the certificate of service was "many days" prior to the date he received it. Plaintiff's Affidavit (doc. no. 51-1) at 2. Curiously, however, plaintiff does not specify the day or month that he received the summary judgment motion, so the court cannot assess whether any alleged delay

was significant. Moreover, plaintiff does not explain why he did not seek extra time to respond to the motion after receiving it.

Perhaps most significantly, plaintiff does not deny that he received the report and recommendation of the United States Magistrate Judge in February 2017 recommending that the motion for summary judgment be granted. In that recommendation, plaintiff was given a deadline for filing an objection to the recommendation, but he filed no objection and did not raise the issue of his alleged late receipt of the summary judgment motion. Indeed, he did not raise the issue until a month after this court had adopted the report and recommendation and entered summary judgment for defendant. Plaintiff offers no explanation for this delay. Under these circumstances, plaintiff has failed to establish that the judgment should be altered, amended, or vacated.

\*\*\*

Accordingly, it is ORDERED that plaintiff's motion to alter or amend judgment (doc. no. 51) is denied.

DONE, this the 28th day of April, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE